LLOYD S. GRAHAM, Appellant, *v.* BUFFALO GENERAL LAUNDRIES CORPORATION et al., Respondents.

(Argued January 20, 1933; dated February 28, 1933.)

166

*Harry J. Kelly* for appellant. The complaint states facts sufficient to constitute a cause of action for malicious prosecution. (*Neuowich* v. *Cohn,* 172 App. Div. 411; *Fowler* v. *Stewart,* 197 App. Div. 736; *Beall* v. *Dadirrian,* 62 Misc. Rep. 125; 132 App. Div. 943.)

*J. C. Randal* and *Frank G. Raichle* for respondents. The complaint fails to state a cause of action. (*Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Hopkinson* v. *Lehigh Valley R. R. Co.,* 249 N. Y. 296; *Wilkinson* v. *McGee,* 265 Mo. 574; *Calvo* v. *Davies,* 73 N. Y. 211; *Ranger* v. *Thalmann,* 65 App. Div. 5; *Reynolds* v. *Kennedy,* Wilson, 232; *Sutton* v. *Johnstone,* 1 D. & E. 269; *Burt* v. *Place,* 4 Wend. 591; *Boogher* v. *Hough,* 99 Mo. 183; *Saunders* v. *Baldwin,* 112 Va. 431; *Kennedy* v. *Burbidge,* 54 Utah, 497; *Giusti* v. *Del Papa,* 19 R. I. 338; *King* v. *Estabrooks,* 77 Vt. 371; *Dunn* v. *Gray Co.,* 254 Mass. 202.)

POUND, Ch. J. The question is whether in an action for malicious prosecution a bare allegation in the complaint of want of probable cause is sufficient when the complaint shows on its face the presence of probable cause, *i. e.,* that on a preliminary hearing before a magistrate on a charge of felony the magistrate held the plaintiff to await the action of the grand jury which

failed to indict. The holding of the accused by a magistrate after an examination into the facts establishes *prima facie* probable cause for the prosecution. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296, 300.)

The complaint must state facts sufficient to constitute a cause of action. When all the facts stated, if admitted, would not allow a recovery, the complaint is bad. The holding of the accused by the magistrate shows probability of guilt and thus rebuts and overcomes the general averment of want of probable cause which is usually sufficient as an allegation of fact but here becomes a mere "opprobious epithet." (*Dunn* v. *Gray Co.*, 254 Mass. 202.)

This is the almost universal rule. (*Giusti* v. *Del Papa*, 19 R. I. 338; *Saunders* v. *Baldwin*, 112 Va. 431; *Kennedy* v. *Burbidge*, 54 Utah, 497; *Boogher* v. *Hough*, 99 Mo. 183; *Wilkinson* v. *McGee*, 265 Mo. 574; *Dunn* v. *Gray Co.*, *supra; Spring* v. *Besore*, 12 B. Mon. [Ky.] 551; *Henderson* v. *McGruder*, 49 Ind. App. 682; *King* v. *Estabrooks*, 77 Vt. 371.)

It would scarcely be necessary to write on this point were it not for the case of *Beall* v. *Dadirrian* (62 Misc. Rep. 125; affd. on opinion below, 133 App. Div. 943). It was there held that in an action for malicious prosecution, the holding of a plaintiff by a magistrate after examination into the facts is *prima facie* evidence of probable cause only; and the general allegation that the arrest was without probable cause is sufficient to enable the plaintiff upon the trial to show that, upon all the facts in the case, there was no probable cause for the defendant's action in procuring his arrest. This rule has support in a few jurisdictions. (*Ross* v. *Hixon*, 46 Kan. 550; *Stainer* v. *San Luis Valley Land & Mining Co.*, 166 Fed. Rep. 220.)

The distinction is based on the theory that on a trial where both parties have presented their proofs, the effect of a judgment is to establish probable cause with finality,

unless the plaintiff alleges in his complaint that the judgment was improperly obtained and was the result of acts of malice, fraud and oppression on the part of the defendant, which had the effect of depriving plaintiff of an opportunity to be heard in his own behalf, while the magistrate's ruling is only *prima facie* proof on the question of probable cause and may be overcome by evidence offered under the general allegation.

The facts pleaded should, however, make out a *prima facie* case. The allegations of the complaint that the plaintiff was held after a hearing by the magistrate, unexplained and uncontradicted, establish probable cause for plaintiff's arrest. The pleader should be required by appropriate allegations to overcome the effect of his admissions of the existence of probable cause. Pleadings must be construed with a view to substantial justice between the parties. (Civ. Pr. Act, § 275.) The defendants should be informed as to the charges they must meet. (Clark on Code Pleading, pp. 168, 169.) They are here informed that they must meet a charge of malicious prosecution when the complaint on its face shows probable cause.

The order should be affirmed, with costs, and the question certified answered in the negative.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed, etc.