CHARLES GREEN, Respondent, *v.* GENERAL CIGAR COMPANY, INCORPORATED, Appellant.

First Department, June 20, 1933.

*H. G. Pickering* of counsel [*Henry Root Stern* and *E. N. Gadsby* with him on the brief; *Rushmore, Bisbee & Stern,* attorneys], for the appellant.

*Emile Z. Berman,* for the respondent.

O'MALLEY, J. Defendant's motion for judgment on the pleadings was based upon the complaint, answer and plaintiff's bill of particulars. The complaint contains allegations usual in an action for malicious prosecution and are to the effect that the defendant, through its agents, caused plaintiff's arrest upon the charge of criminally receiving stolen property. Lack of reasonable or probable cause is alleged *in hæc verba.* Falsity of the charge is alleged; also, that the defendant was actuated by malice.

In addition, however, the complaint alleges that as a result of the arrest the plaintiff was held for the action of the grand jury by a magistrate after a hearing, and that he was subsequently indicted by the grand jury. Such allegations are in effect " admissions of the existence of probable cause " and the plaintiff is required to overcome their effect by appropriate allegations. (*Graham* v. *Buffalo General Laundries Corp.,* 261 N. Y. 165, 168.)

However, mere allegations that the charges were false and that the defendant acted maliciously and without probable cause are not sufficient, where the complaint also shows on its face that the plaintiff was either held by a committing magistrate or was indicted by a grand jury. Under such circumstances a defendant is not informed as to the charges he must meet. He is merely informed

that he must meet a charge of malicious prosecution, though the complaint on its very face shows probable cause. Such is clearly insufficient. (*Graham* v. *Buffalo General Laundries Corp.*, *supra*, 168.)

In *Dunn* v. *Gray Co.* (254 Mass. 202), cited with approval by the Court of Appeals in *Graham* v. *Buffalo General Laundries Corp.* (*supra*), the declaration charged that the defendant " did falsely, fraudulently, and maliciously and by perjury and subornation of perjury, and without any probable cause, prosecute and aid in prosecuting said complaint against the plaintiff." It was even held that such an allegation was insufficient to apprise the defendant with respect to what it would be called upon to answer. It was said (pp. 203, 204): " An exception to that rule is established in instances where the conviction by the trial magistrate was obtained solely by false testimony of the defendant or is ' impeached on the ground of fraud, conspiracy or subornation in its procurement.' That exception must as matter of pleading be set out in the declaration by appropriate allegations of definite facts. It is not enough to allege the general opprobrious epithets employed in the present declaration. It is easy to frame reproachful expletives. A defendant as matter of justice ought not to be required to answer them and the time of the courts ought not to be consumed by inquiry into them. The law requires a definite statement of specific facts constituting a wrong as a basis for judicial proceedings. No sufficient facts are set out in this declaration to show that the conviction before the trial magistrate was caused solely by wrongful conduct of the defendant and thus was within the exception to the general rule."

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to plead over within ten days after service of a copy of the order to be entered herein upon payment of said costs.

FINCH, P. J., MERRELL, MARTIN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to plead over within ten days from service of order upon payment of said costs.