CHARLES FINSILVER, Respondent, *v.* GEORGE W. STILL, Appellant.

First Department, February 2, 1934.

*Phillip W. Haberman, Jr.,* of counsel [*Weil, Gotshal & Manges,* attorneys], for the appellant.

*Samuel Meyers* of counsel [*Morris & Samuel Meyers,* attorneys], for the respondent.

MARTIN, J. The plaintiff seeks to recover $250,000 damages for malicious prosecution by the defendant. The defendant moved to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The court at Special Term denied the motion and said: " The doctrine laid down in *Graham* v. *Buffalo General Laundries Corporation* (261 N. Y. 165) with which this court necessarily can have no quarrel does not invalidate the complaint herein, but rather supports it. Unequivocally the Court of Appeals holds in the authority cited that want of probable cause is sufficiently alleged if it be stated that the conviction resulted from false testimony. The complaint obviously is drawn to come within the exception to the rule that want of probable cause is insufficiently asserted, even if alleged, if it appears that the magistrate after a hearing held the accused."

The defendant now appeals and urges a reversal of the order denying the motion to dismiss the complaint, on the ground that the complaint failed to comply with the requirements for a good pleading set forth in the case of *Graham* v. *Buffalo General Laundries Corp.* (*supra*). In that case the Court of Appeals held that where a plaintiff in an action for malicious prosecution had been held by a magistrate after a hearing, there was a presumption of probable cause, and to overcome that presumption a plaintiff must plead appropriate facts showing an exception to that rule.

The law is well settled that a plaintiff must set forth facts in his complaint. This complaint sets forth conclusions only. There is an important distinction between alleging facts and setting forth mere conclusions.

The third paragraph of the complaint, which is on information and belief, alleges:

" *Third.* Upon information and belief that in making the charges both before the aforesaid Magistrates and Grand Jury of the County of New York, the defendant misrepresented and falsified the evidence, and withheld information and facts which would have affected the result before the aforesaid Magistrates and had the defendant not misrepresented or falsified the evidence, or withheld the aforesaid information and facts, the plaintiff would not

have been held for action by the Grand Jury of the County of New York."

In the case of *Hopkinson* v. *Lehigh Valley R. R. Co.* (249 N. Y. 296), which is cited in *Graham* v. *Buffalo General Laundries Corp.* (*supra*), the Court of Appeals stated that a plaintiff in a malicious prosecution action, to meet this *prima facie* evidence of probable cause must show " that the defendant did not make a full and complete statement of the facts either· to the magistrate or to the district attorney; has misrepresented or falsified the evidence, or else has kept back information or facts which might have affected the result."

In the present complaint the plaintiff has simply set forth the language used in the *Hopkinson* case and has restated on information and belief the conclusions set forth in that opinion. If a pleader may meet the requirements of the *Graham* case in any such manner that decision would be rendered ineffectual.

The plaintiff fails to allege how the defendant misrepresented or falsified the evidence; he fails to set forth the information or facts which were withheld, which if not misrepresented or falsified or withheld would have affected the result. The contention is made that to plead such details would be pleading evidence. There is a substantial distinction between pleading evidence and pleading facts. The difference is pointed out by the court in the case of *Butler* v. *Viele* (44 Barb. 166) as follows: " The burden of *charging* as well as proving fraud is on the party alleging it; and while it is not necessary or proper that he should spread out in his pleading the *evidence* on which he relies, he must aver, fully and explicitly, the *facts* constituting the alleged fraud; mere conclusions will not avail."

That the pleading of mere conclusions will not suffice was recently decided by this court in *Green* v. *General Cigar Co., Inc.* (238 App. Div. 638). Mr. Justice O'MALLEY there said: " However, mere allegations that the charges were false and that the defendant acted maliciously and without probable cause are not sufficient, where the complaint also shows on its face that the plaintiff was either held by a committing magistrate or was indicted by a grand jury. Under such circumstances a defendant is not informed as to the charges he must meet. He is merely informed that he must meet a charge of malicious prosecution, though the complaint on its very face shows probable cause. Such is clearly insufficient. (*Graham* v. *Buffalo General Laundries Corp., supra,* 168.) "

This statement of the law is supported by a number of authorities in this State and in Massachusetts.

In *Knapp* v. *City of Brooklyn* (97 N. Y. 520) the Court of Appeals

held that where the complaint in an action avers only the legal conclusion of an unlawful increase of an assessment without stating facts as its basis or specifying any particulars of the alleged unlawful character of the procedure, the pleading is defective.

In *Dunn* v. *Gray Company* (254 Mass. 202), in a malicious prosecution action, the court considered the subject here under consideration. The complaint in that case alleged that the defendant " did falsely, fraudulently, maliciously and by perjury and subornation of perjury, and without any probable cause, prosecute and aid in prosecuting said complaint against the plaintiff." The court said: " It is the general rule, that conviction by the court to which the complaint was made is a bar to an action for malicious prosecution."

At page 204 the court declared: " It is not enough to allege the general opprobrious epithets employed in the present declaration. It is easy to frame reproachful expletives. A defendant as a matter of justice ought not to be required to answer them and the time of the courts ought not to be consumed by inquiry into them. The law requires a definite statement of specific facts constituting a wrong as a basis for judicial proceedings. No sufficient facts are set out in this declaration to show that the conviction before the trial magistrate was caused solely by wrongful conduct of the defendant and thus was within the exception to the general rule."

In the case of *City of Boston* v. *Treasurer & Receiver General* (237 Mass. 403), in passing upon conclusions the court said: " The general averments ' excessive, unreasonable, unnecessary and illegal,' standing alone and without statement of definite acts or facts which might accurately be described by such expletives, are of no consequence and do not merit judicial inquiry, and of course are not admitted by the demurrers."

In *Cosmopolitan Trust Co.* v. *Agoos Tanning Co.* (245 Mass. 69) the court said: " The allegation that the transaction was a fraud is of slight consequence by itself and is not enough to require judicial examination of the cause. Definite facts must be set out which constitute fraud without the aid of merely descriptive epithets." (See, also, *Dennehey* v. *Woodsum*, 100 Mass. 195.)

It is evident that pleading the conclusions that the defendant misrepresented and falsified the evidence, and withheld information and facts which would have affected the result before the magistrate is insufficient in that it does not overcome the presumption of probable cause arising from the holding by the magistrate. If mere conclusions of that character were permitted to make a complaint good, a defendant would not be protected. The use of such words as " false," " fraudulent," " unreasonable," " evasive " and

similar words which are mere generalities does not convey any definite information to a party to an action and neither sets forth facts nor gives any idea what the pleader will contend takes the case out of the general rule. The defendant has a right to know the facts and not be compelled to face mere conclusions which, standing alone, mean nothing.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order, upon payment of said costs.

FINCH, P. J., TOWNLEY and GLENNON, JJ., concur; MERRELL, J., dissents and votes for affirmance.

MERRELL, J. (dissenting). This action is to recover damages for malicious prosecution. The defendant contends that the plaintiff failed to allege any sufficient facts to meet the decision of the Court of Appeals in *Graham* v. *Buffalo General Laundries Corp.* (261 N. Y. 165). In that case there was a bare allegation in the complaint that the prosecution of the plaintiff by the defendant was without probable cause. The Court of Appeals held in that case that the bare allegation in the complaint of want of probable cause was insufficient when the complaint on its face showed probable cause; that on the preliminary hearing before a magistrate on the charge of felony the magistrate held the plaintiff to await the action of the grand jury, which failed to indict. In *Graham* v. *Buffalo General Laundries Corp.* the Court of Appeals held, on the authority of *Hopkinson* v. *Lehigh Valley R. R. Co.* (249 N. Y. 296, 300), that the holding of the accused by a magistrate after examination into the facts established *prima facie* probable cause for the prosecution. I think the case at bar was clearly distinguishable from *Graham* v. *Buffalo General Laundries Corp.* (*supra*) and that the allegations of the complaint in the present action fully meet the requirements of the Court of Appeals in that case. To overcome the presumption of probable cause arising from the fact that the plaintiff was held by the magistrates for the action of the grand jury, the plaintiff alleges in the present complaint in the third and fourth paragraphs, as follows:

"*Third.* Upon information and belief that in making the charges both before the aforesaid Magistrates and Grand Jury of the County of New York, the defendant misrepresented and falsified the evidence, and withheld information and facts which would have affected the result before the aforesaid Magistrates and had the defendant not misrepresented or falsified the evidence, or with-

held the aforesaid information and facts, the plaintiff would not have been held for action by the Grand Jury of the County of New York.

"*Fourth.* That thereafter and on or about the 28th day of February, 1933, the defendant maliciously and without any probable cause, and with malicious intent to injure plaintiff in his good name and credit and to bring him into public disgrace and subject him to trouble and expense, voluntarily again charged the plaintiff before the Grand Jury of the County of New York with said offense, and that thereupon, the said Grand Jury of the County of New York, declined and refused to find or present an indictment against the plaintiff, and duly dismissed said charge and said prosecution was thereby wholly terminated and plaintiff's bond was discharged and his fingerprints ordered returned. That said criminal charge so made by defendant against plaintiff was wholly false and untrue as the defendant then well knew."

The appellant contends that the allegations of the complaint are fatally defective in that no facts are stated by the plaintiff which induced the magistrate to hold the plaintiff. In *Graham* v. *Buffalo General Laundries Corp.*, Chief Judge POUND, writing for the Court of Appeals (at p. 167), stated as follows: " The complaint must state facts sufficient to constitute a cause of action. When all the facts stated, if admitted, would not allow a recovery, the complaint is bad. The holding of the accused by the magistrate shows probability of guilt and thus rebuts and overcomes the general averment of want of probable cause which is usually sufficient as an allegation of fact but here becomes a mere ' opprobrious epithet.' " Later on Chief Judge POUND (at p. 168) wrote as follows: " The allegations of the complaint that the plaintiff was held after a hearing by the magistrate, unexplained and uncontradicted, establish probable cause for plaintiff's arrest. The pleader should be required by appropriate allegations to overcome the effect of his admissions of the existence of probable cause."

I think the allegation contained in the third paragraph of the complaint that in making the charges, both before the magistrates and the grand jury of the county of New York, " the defendant misrepresented and falsified the evidence, and withheld information and facts which would have affected the result before the aforesaid Magistrates," are allegations of ultimate facts and are entirely sufficient to overcome the presumption that the plaintiff was held with probable cause. The allegation contained in the fourth paragraph of the complaint that " with malicious intent to injure plaintiff in his good name and credit and to bring him into public disgrace and subject him to trouble and expense, voluntarily again

charged the plaintiff before the Grand Jury of the County of New York with said offense " (grand larceny), was also an allegation of fact. I do not think it is necessary, and certainly there was no requirement in the recent decision of the Court of Appeals in *Graham* v. *Buffalo General Laundries Corp. (supra)* that the plaintiff should be required to allege more than ultimate facts. There was no requirement in said case that the plaintiff should set forth the evidence upon which he depended. I think the complaint in this case was sufficient where it alleges that the plaintiff was held by the magistrates as the result of false evidence and from the withholding of information and facts which would have resulted in his discharge by the magistrates. It surely could not have been the intention of the Court of Appeals in *Graham* v. *Buffalo General Laundries Corp. (supra)* to require a pleader to set forth the evidence as to misrepresentation and falsification and of the information and facts which the defendant withheld, and which misrepresentation and falsification and the withholding of information and facts resulted in plaintiff's being held. To do more than plead the ultimate facts as the plaintiff did in the complaint herein, the plaintiff would be compelled to disclose his evidence. That he should not be required to do. (*President & Directors of Manhattan Co.* v. *Morgan*, 199 App. Div. 767; *Sherman* v. *International Publications, Inc.*, 214 id. 437.) In effect, the complaint here charged that the defendant gave false testimony and misrepresented and falsified the evidence before the magistrate and grand jury, and withheld information and facts from the magistrate. Such ultimate facts when proven will overcome the admission of probable cause resulting from plaintiff's being held by the magistrate. (*Graham* v. *Buffalo General Laundries Corp.*, 261 N. Y. 165; *Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 id. 296.) In *Hopkinson* v. *Lehigh Valley R. R. Co. (supra)* the Court of Appeals (at p. 300) said: " The plaintiff in his malicious prosecution case must, therefore, meet this *prima facie* evidence of probable cause by showing that the defendant did not make a full and complete statement of the facts either to the magistrate or to the district attorney; has misrepresented or falsified the evidence, or else has kept back information or facts which might have affected the result."

The case of *Green* v. *General Cigar Co., Inc.* (238 App. Div. 638), is clearly distinguishable from the case at bar, and certainly is not authority for reversal of the order appealed from. In that case no facts whatever were alleged, the complaint merely alleging lack of reasonable or probable cause. This court very properly held that mere allegations that the charges were false and that the

defendant in that case acted maliciously and without probable cause were insufficient.

If defendant requires a more definite statement of the facts he may obtain such information through a bill of particulars in a proper case.

In my opinion, the allegations of the complaint were sufficient to set forth a cause of action for malicious prosecution.

The order appealed from should be affirmed.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days from service of order, upon payment of said costs.