BERNARD LEVY, Respondent, *v.* JOSEPH S. CHASNOFF, Appellant.

First Department, December 13, 1935.

*Theodore Berger*, for the appellant.

*Benjamin Jaffe*, for the respondent.

MERRELL, J.    In his complaint the plaintiff attempts to allege two causes of action: *First,* for malicious prosecution; and *second,* for false arrest.    The plaintiff alleges in his first cause of action that, with malicious intent to injure plaintiff and to cause him to be arrested, the defendant appeared before the grand jury of Kings county for the purpose of procuring an indictment against plaintiff. Plaintiff alleges that the defendant, before said grand jury, falsely and maliciously and without any reasonable or probable cause whatever, charged the plaintiff with having obtained from said defendant property, consisting of a check and the proceeds thereof, in the sum of $231.75, by means of fraudulent representations and false pretenses, and of stealing and taking from the possession of said defendant the said check and proceeds thereof, which said charges so made by defendant were wholly false and untrue, as the defendant then well knew; and that the defendant falsely and maliciously and with-

out any reasonable or probable cause, procured the grand jury of Kings county to find an indictment against plaintiff for said alleged crimes of larceny in the second degree and of obtaining money under false pretenses; and that the defendant falsely and maliciously and without any reasonable or probable cause, procured a warrant for the arrest of plaintiff upon said indictment to answer the charges therein made against plaintiff, and caused plaintiff to be taken into custody, arrested, and imprisoned, and compelled plaintiff to give bond to appear for trial thereon; and that the defendant falsely and maliciously and without any reasonable or probable cause, procured plaintiff to be arraigned before the County Court of Kings county and compelled him to plead to said indictment. Plaintiff further alleges that he pleaded not guilty to said indictment, and thereafter and on or about March 7, 1935, moved in said County Court to dismiss said indictment on the ground that the same was not found on any sufficient legal and competent evidence, and that no legal or competent evidence was produced before the grand jury to charge plaintiff with the commission of any crime and to warrant such indictment; that the plaintiff's said motion was granted and a dismissal of the indictment was directed by the court and entered of record therein; that said indictment, complaint and prosecution have been wholly ended and determined in favor of plaintiff; and that thereby plaintiff suffered damages in the sum of $50,000.

As a second cause of action the plaintiff realleges and reiterates each and every allegation in the first cause of action contained in the complaint charging the defendant with malicious prosecution, and alleges that the said indictment was null and void, and that the grand jury had no jurisdiction to find and present the same; and that the same was not based upon any legal or competent evidence adduced before said grand jury to sustain the indictment against the plaintiff for the crime charged in said indictment; and that the said warrant of arrest of the plaintiff upon said indictment was, by reason of its invalidity, wholly void; and that the plaintiff's arrest, detention and imprisonment was without any legal process; that thereafter and upon motion of plaintiff the said indictment and prosecution against the plaintiff was duly vacated and dismissed by the County Court of Kings county on the ground that the same was void and unauthorized, and an order was duly entered thereon discharging the plaintiff thereunder; that by reason of the premises the plaintiff has suffered damages in the sum of $50,000, in which amount judgment is demanded in favor of plaintiff and against defendant.

The court below held that the complaint stated facts sufficient to constitute a cause of action. In so holding we think the court clearly erred. The law is elementary that the finding of an indictment itself presumes the existence of probable cause, and unless the plaintiff meets the *prima facie* evidence of probable cause by showing that the defendant did not make a full and complete statement of facts to the grand jury or district attorney, and has misrepresented or falsified the evidence, or withheld information or facts which might have affected the result, the presumption is not overcome. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296.) No facts whatever are stated in the complaint to overcome the presumption of probable cause arising from the fact that the grand jury found an indictment against the plaintiff. In *Green* v. *General Cigar Co., Inc.* (238 App. Div. 638) this court held that mere allegations that the charges were false and that the defendant acted maliciously and without probable cause were insufficient, an indictment having been found by the grand jury against the plaintiff. In the *Green* case this court, Mr. Justice O'MALLEY writing, unanimously ordered a reversal and dismissal of the complaint therein in the following language: " *However, mere allegations that the charges were false and that the defendant acted maliciously and without probable cause are not sufficient, where the complaint also shows on its face that the plaintiff was either held by a committing magistrate or was indicted by a grand jury.* Under such circumstances a defendant is not informed as to the charges he must meet. He is merely informed that he must meet a charge of malicious prosecution, though the complaint on its very face shows probable cause. Such is clearly insufficient." (Italics are the writer's.) The complaint in the present case, in its allegations, is no stronger than the complaint in the *Green* case. The leading case of *Hopkinson* v. *Lehigh Valley R. R. Co.* (249 N. Y. 296) was an appeal from the Appellate Division affirming a judgment recovered by plaintiff in an action for malicious prosecution. In that case the plaintiff, an employee of the defendant, had been indicted for grand larceny. At the trial for the crime the indictment was dismissed. The Court of Appeals reversed the judgment of the lower court for insufficiency of the plaintiff's evidence showing that in procuring the indictment the defendant lacked probable cause. CRANE, J., writing for the Court of Appeals in *Hopkinson* v. *Lehigh Valley R. R. Co.* (*supra*), said:

" Section 258 of the Code of Criminal Procedure says that a grand jury ought to find an indictment when all the evidence before them is such as in their judgment would, if unexplained, warrant

a conviction by the trial jury. An indictment, therefore, when brought into a civil case, necessarily implies, until the contrary appears, that there was such evidence. A similar provision relates to the duty of the committing magistrate. (Sec. 208.) If, from the examination before him, there is sufficient cause to believe the defendant guilty of the crime charged, he must so certify and hold the prisoner. The holding of the accused by a magistrate after an examination into the facts is *prima facie* evidence of probable cause for the prosecution. * * *

" The plaintiff in his malicious prosecution case must, therefore, meet this *prima facie* evidence of probable cause by showing that the defendant did not make a full and complete statement of the facts either to the magistrate or to the district attorney; has misrepresented or falsified the evidence, or else has kept back information or facts which might have affected the result. * * *

"If a person disclose fairly and truthfully to an officer whose duty it is to prosecute crime, all matters within his knowledge, which as a man of ordinary intelligence he is bound to suppose would have a material bearing upon the question of the innocence or guilt of the persons suspected, and leaves it to the prosecutor to act entirely upon his own judgment and responsibility as a public officer, and does no more, he cannot be held answerable in an action for malicious prosecution, even if the officer comes to a wrong conclusion and prosecutes when he ought not to do so. Such a person does no more than his duty."

Neither of the causes of action set forth in the complaint can be sustained as stating a cause of action for malicious prosecution.

Likewise, the complaint is insufficient as stating any sufficient facts to sustain an action for false arrest. The arrest of the plaintiff was upon a warrant issued after the finding of the indictment. There is no allegation that the defendant personally participated in the arrest or detention of the plaintiff. The plaintiff was arrested upon a warrant duly issued after the finding of the indictment. The law is clearly stated in " Restatement of the Law of Torts " by the American Law Institute (Vol. 1), entitled " Intentional Harms to Persons, Land and Chattels." Section 37 (p. 74) lays down the law as follows: " One who institutes criminal proceedings against another intends to cause an arrest which is the normal incident of such proceedings. In such case, however, the actor is liable only if the confinement which the arrest involves is a part of the greater offense of instituting such proceedings without reasonable cause and for a purpose other than that for which the proceedings are provided. Therefore, unless the private prosecutor takes an active part in the service of a warrant issued in the criminal prosecution

which he has instituted, *his liability for the arrest is enforced only by the imposition of damages in aggravation of those recoverable for the malicious prosecution itself."* (Italics are the writer's.)

The same principle of law was stated in *Marks* v. *Townsend* (97 N. Y. 590, 597) where the Court of Appeals said:

" In all such cases [*i. e.*, where an arrest is procured through legal process] these are regular judicial methods, and that which was legally done at the time cannot be converted into a wrong by relation after the process has by judicial action been set aside. This rule of exemption is founded in public policy, and is applicable alike to civil and criminal remedies and proceedings, that parties may be induced freely to resort to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances without the risk of undue punishment for their own ignorance of the law or for the errors of courts and judicial officers. * * *

" Even malicious motives and the absence of probable cause do not give a party arrested an action for false imprisonment. They may aggravate his damage, but have nothing whatever to do with the cause of action. Hence if in this case the defendants had intentionally withheld from the judge who granted the warrant the fact of the plaintiff's prior arrest, that fact would have been quite pertinent to maintain an action for malicious prosecution, but would not have laid the foundation for a recovery in an action for false imprisonment."

There is no possible cause of action stated in the complaint for false arrest. Plaintiff's sole remedy, therefore, is by way of an action for malicious prosecution. As before stated, sufficient facts to support such an action are not set forth in the complaint.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days after service of order upon payment of said costs.