LOUIS LASTER, Respondent, *v.* MONETTE SOLOTAROFF et al., Appellants.

First Department, December 22, 1947.

*Harold I. Cammer* of counsel (*Bella S. Abzug* with him on the brief; *Witt & Cammer,* attorneys), for appellants.

*Abraham S. Robinson* for respondent.

Cohn, J. The amended complaint purports to set forth three separate and distinct causes of action all arising out of the same transaction, to wit, (1) for false imprisonment; (2) for malicious prosecution and (3) for conspiracy to deprive plaintiff of his employment as a fur worker and to wrongfully deprive him of his privileges as a member of a labor union and of his livelihood. In each of the three causes of action plaintiff seeks $25,000 damages.

As defendants' motion was addressed to the entire complaint, the motion was properly denied by the Special Term if one or more of the causes of action set forth was shown to be sufficient. (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84.)

We think the second cause of action states a valid cause of action for malicious prosecution. Though the allegation therein contained of conviction of plaintiff of disorderly conduct in the Magistrate's Court establishes prima facie the existence of probable cause for the prosecution notwithstanding the subsequent reversal of that judgment upon appeal (*Simmonds* v. *Sowers,* 253 App. Div. 819, affd. 282 N. Y. 651), specific facts are set forth in the complaint which rebut the presumption of

probable cause. The allegations that upon the trial at which plaintiff was convicted defendants failed to inform the City Magistrate of the surrounding facts and circumstances of the charge and falsely testified that plaintiff had created a disturbance in the office of the union when in fact plaintiff had not created any disturbance or disturbed the peace in any manner violative of law and that the conviction was duly reversed on appeal and the information dismissed, are sufficiently appropriate to overcome the effect of the admission of probable cause. (*Brandt* v. *Cohn,* 252 App. Div. 649; *Bach* v. *National City Bank,* 244 App. Div. 722.)

The rule is well settled that in an action for malicious prosecution where a plaintiff alleges facts constituting probable cause prima facie, he is bound to go further in his complaint and set forth facts which if true would show lack of good faith on the part of defendants. A mere statement that defendant acted maliciously and without probable cause would of course be insufficient. Plaintiff must state by appropriate allegations, as he does here, that the judgment of conviction, if there be one, was procured by fraud, perjury, concealment of evidence, bad faith or other undue means. (*Graham* v. *Buffalo General Laundries Corp.,* 261 N. Y. 165; *Hopkinson* v. *Lehigh Valley R. R. Co.,* 249 N. Y. 296, 300; *Hodge* v. *Skinner,* 254 App. Div. 42, 43; *Stern* v. *Rindeman,* 247 App. Div. 345; *Levy* v. *Chasnoff,* 245 App. Div. 607, 609; *Green* v. *General Cigar Co., Inc.,* 238 App. Div. 638.)

As we find the second cause of action sufficient, the order appealed from must be affirmed, with $20 costs and disbursements to the respondent, with leave to the defendants to answer within ten days after service of order with notice of entry, on payment of said costs.

PECK, P. J., DORE, CALLAHAN and SHIENTAG, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements, with leave to the defendants to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs.