SAMUEL BERGER et al., Doing Business under the Name of RUTH's SPECIALTY SHOP, et al., Appellants-Respondents, *v.* AMERICAN NATIONAL FIRE INSURANCE COMPANY, NEW YORK, et al., Respondents-Appellants. (Action No. 1.)

EDWARD KUCKER, Respondent, *v.* AMERICAN NATIONAL FIRE INSURANCE COMPANY, NEW YORK, et al., Appellants. (Action No. 2.)

Fourth Department, January 18, 1952.

In Action No. 1: *Stephen V. Lines* for Howard M. Travis, respondent-appellant.

*Charles S. Wilcox* for American National Fire Insurance Company, Merchants Fire Assurance Corporation and Concordia Fire Insurance Company, respondents-appellants.

*J. Frank Traynor*, respondent-appellant in person.

*Arthur V. D. Chamberlain* for Samuel Berger and Ruth Berger, appellants-respondents.

In Action No. 2: *Skivington & Skivington* for respondent.

*Per Curiam.* The complaint in action No. 1 alleges a cause of action in contract and also a cause of action for malicious prosecution. The order appealed from provides for a severance and separate trial of such causes of action. We think that the order reflects a proper exercise of the court's discretion and should be affirmed.

The defendants in actions No. 1 and No. 2 appeal from orders denying motions to dismiss the cause of action for malicious prosecution in each complaint, on the ground that the complaints do not state facts sufficient to constitute a cause of action. (Rules Civ. Prac., rule 106, subd. 5 [now subd. 4].)

Where it appears in a malicious prosecution action that plaintiff was indicted by the Grand Jury, such indictment is in itself prima facie evidence of probable cause. In such a case, the plaintiff, in order to allege a cause of action, must overcome the effect of the indictment by showing that the defendant did not make a full and complete statement of facts to the Grand Jury, or that he falsified the evidence or kept back information or facts which might have affected the result. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296; *Graham* v. *Buffalo General Laundries Corp.*, 261 N. Y. 165.) The plaintiffs here seek to overcome the effect of the indictment by alleging as follows: '' that these defendants, their agents, servants, officers and employees, in presenting said matter to the Grand Jury, made false claims and statements. That they * * * failed to make a full and complete statement to the District Attorney, or to the Grand Jury, of the facts and information within their possession * * * maliciously withheld from the Grand Jury and the District Attorney, knowledge, facts and circumstances within their possession * * * willfully misrepresented the evidence * * * kept back information and facts which might have affected the result * * *.''

The pleading is, we think, insufficient. A pleading must contain a plain and concise statement of the material facts upon which the party relies, but not the evidence by which such facts are to be proved. (Civ. Prac. Act, § 241.) In a malicious prosecution action, where the complaint itself establishes prima facie probable cause, specific facts must be alleged to overcome the effect of the indictment. General allegations are not enough. The complaint must allege the wrongful acts with which the defendant is charged. The complaints under consideration are faulty in that they fail to show what false information defendants presented before the Grand Jury, or wherein the evidence was falsified, or what facts within the possession of the defendants were maliciously withheld from the Grand Jury. (See *Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1, 4; *Finsilver* v. *Still*, 240 App. Div. 87; *Laster* v. *Solotaroff*, 273 App. Div. 32; *Levy* v. *Chasnoff*, 245 App. Div. 607; *Chernow* v. *Feldman*, 251 App. Div. 329, and *Green* v. *General Cigar Co.*, 238 App. Div. 638.)

The orders denying the motions to dismiss the causes of action for malicious prosecution should therefore be reversed, without costs, and the motions to dismiss granted, without costs, with leave to serve amended complaints within twenty days.

In each action: All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

In action No. 1: Order entered December 5, 1950, affirmed without costs of this appeal to any party. Orders entered November 2, 1950, reversed on the law and motions granted, with leave to plaintiffs to serve an amended complaint within twenty days after service of a copy of the order herein with notice of entry thereof.

In action No. 2: Orders reversed on the law and motions granted, without costs of this appeal to any party, with leave to plaintiffs to serve an amended complaint within twenty days after service of a copy of the order herein with notice of entry thereof.