Jacob J. Schwabtzwald, J.
Herein involved are motions made respectively by defendants Morrell (Charlotte S. Morrell and Samuel Morrell), defendant Cohen and defendant Harris, which I shall proceed to consider seriatim.
The motion of defendants Morrell, directed to the legal sufficiency of certain of the causes of action contained in the amended complaint, or for corrective relief, is disposed of as follows:
Paragraph 24 of said amended complaint, set forth under the ‘ ‘ Fourth Cause of Action as against the Defendant Charlotte S. Morrell,” is stricken. (Civ. Prac. Act, § 241; Rules Civ. Prac., rule 103.) It alleges matter which either is irrelevant, or is at best evidentiary in character.
That part of the motion which seeks to have stricken, in the alternative, either the “Fifth” or “Sixth” causes of action against defendant Charlotte S. Morrell (both of which appear to charge false arrest) for indefiniteness (Rules Civ. Prac., rule 102, subd. 1) and for redundancy (Rules Civ. Prac., rule 103), is denied. Bearing in mind that the pleading must be given every favorable intendment (Lewin v. New York Ambassador, 62 N. Y. S. 2d 524), it must be presumed that the aforesaid causes' of action do not relate to the same occur *160 renee but refer to separate and distinct arrests. Details as to time, place and circumstances relative to the arrest alleged in each of the aforesaid causes of action are properly ascertainable through a bill of particulars and not through a motion to make more definite and certain (Tilton v. Beecher, 59 N. Y. 176; Kavanaugh v. Commonwealth Trust Co., 45 Misc. 201, 205, affd. 99 App. Div. 620).
That portion of the motion which seeks a dismissal, on the ground of legal insufficiency, of the “ Seventh Cause of Action as against the Defendant, Charlotte S. Morrell,” is denied. I am of the view that the facts alleged in said cause of action are sufficient to state a valid cause of action for malicious prosecution. While it. is true that, in such an action, an admission in the plaintiff’s pleading that plaintiff was held by a Magistrate for the action of the G-rand Jury raises a presumption of probable cause for the prosecution, which requires plaintiff to allege in his pleading facts which will overcome such presumption (Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296; Graham v. Buffalo Gen. Laundries Corp., 261 N. Y. 165), such requirement can be met by alleging facts showing that the one who instituted the prosecution failed to make a full and complete statement of the facts to the Magistrate or had misrepresented the evidence or had kept back information or facts which might have affected the result. (Hopkinson v. Lehigh Val. R. R. Co., supra; Laster v. Solotaroff, 273 App. Div. 32.) In the instant case, the criminal complaint charging plaintiff with grand larceny, a copy of which is annexed to and made a part of plaintiff’s pleading, contains no indication that plaintiff had a partnership interest in the business as alleged in paragraph 76 of the pleading; indeed, the converse is expressly implied in the said complaint upon which the Magistrate held the plaintiff. Plaintiff alleges in his pleading that the criminal complaint sworn to by defendant, Charlotte S. Morrell, was untrue “in gross misrepresentation of the facts, and inaccurate ’ ’ and known by said defendant “to be such.’’ Plaintiff then goes on to allege, as showing lack of probable cause, the existence of certain facts of which defendant was allegedly possessed at the time that she instituted the prosecution, namely, the existence of a partnership between plaintiff and said defendant, and that plaintiff had theretofore loaned defendant Charlotte S. Morrell and the partnership a certain sum of money which presumably had not been repaid at the time of the larcenies charged to plaintiff. While plaintiff’s pleading does not specifically show wherein the *161 'testimony given in the Magistrate’s Court was false, enough is indicated from a reading of the criminal complaint on which plaintiff was held and upon the allegations of the pleading to fully warrant the inference that defendant is charged by plaintiff, in the pleading, with having failed to make a full and complete statement of the circumstances and of such facts relative to the business and financial relationship of the parties as alleged in paragraph 76 of the pleading as might have affected the outcome of the proceeding before the Magistrate. Giving the pleading the benefit of every intendment and fair inference, I conclude that plaintiff has alleged facts which are at least minimally sufficient to overcome the effect of the prima facie evidence of probable cause appearing in the pleading (Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296, supra; Laster v. Solotaroff, 273 App. Div. 32, supra; Agar v. Kelsey, 253 App. Div. 726; see, also, Chernow v. Feldman, 251 App. Div. 329).
The allegations of paragraph 76 of the amended complaint are properly pleaded for the reasons hereinabove given, and therefore the relief sought by defendant Charlotte Morrell in the alternative to have paragraph 76 stricken pursuant to rule 103 of the Rules of Civil Practice, is denied. That part of the motion which seeks in the alternative to have paragraph 77 stricken under section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice is granted with respect to the portion which begins with the words “ That said defendant, Charlotte S. Morrell, at divers times commencing with January, 1956” and ends with the words “for the purchase of the said one-half interest in the business ”; and is otherwise denied.
Paragraph 83, contained in the ‘ ‘ Eighth Cause of Action against the Defendant, Charlotte S. Morrell,” is stricken as irrelevant and unnecessary.
Motion by defendants Morrell to strike for legal insufficiency the “First Cause of Action as .against the Defendants, Charlotte S. Morrell, Samuel Morrell, Sanford H. Cohen and Harry Harris ” is settled. The law is settled that one contracting party does not have a cause of action against the other party to the contract for conspiring to breach the contract nor for inducing the breach thereof if there has been a breach and suit brought for such breach. (Labow v. Para-Ti Corp., 272 App. Div. 890; Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495; Schulman v. Royal Ind. Bank, 280 App. Div. 401; Cuker Ind. v. Crow Constr. Co., 6 A D 2d 415.) The cap of Williams & Co. v. Collins Tuttle & Co. (6 A D 2d 302), cited *162 by plaintiff, is distinguishable (see Cuker Ind. v. Crow Constr. Co., supra, p. 417). This cause of action is legally insufficient as to the other two defendants as well as the defendants. Morrell, even if it be deemed to charge a conspiracy involving the commission of other tortious acts, namely, false arrest, malicious prosecution and abuse of process; since such acts are charged to the defendants in other causes of action contained in the amended complaint, the charge of conspiracy to commit such acts does not give rise to another cause of action. (Labow v. Para-Ti Corp., supra; Dumas v. Kalozois, 94 N. Y. S. 2d 749.)
The motion made by defendant Cohen, seeking various relief, is disposed of as follows:
Insofar as the motion seeks a dismissal for legal insufficiency of the “ First Cause of Action against the Defendants Sanford EL Cohen and Harry Harris,” or, in the alternative, to strike out the aforesaid causes of action pursuant to section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice, the motion is, to such extent, denied. In this cause of action plaintiff charges said defendants, who are attorneys, with advising and inducing defendants Morrell to breach the contract with plaintiff, thus stating a cause of action (Hornstein v. Podwitz, 254 N. Y. 443), and to accomplish such breach by acts tortious in character. Such allegations must be assumed to be true on a motion addressed to the legal sufficiency of a cause of action. 1‘ While an attorney is not liable to a third person for acts performed in good faith, and mere negligence on the part of an attorney is insufficient to give a right of action to a third party injured thereby, an attorney is personally liable to a third party who sustains an injury in consequence of his wrongful act or improper exercise of authority where the attorney has been guilty of fraud or collusion, or of a malicious or tortious act ’ (7 C. J. S., Attorney and Client, § 52, p. 834; Dallas v. Fassnacht, 42 N. Y. S. 2d 415, 417; see, also, Vernes v. Phillips, 266 N. Y. 298; Schierloh v. Kelly, 253 App. Div. 373.) Other allegations set forth in the cause of action in substance state that defendants Cohen and Harris acted as attorneys for defendants Morrell and that said defendants Morrell acted pursuant to the advice and inducement of said attorneys; such allegations cannot be deemed irrelevant or otherwise improperly pleaded.
The motion to dismiss the “ First Cause of Action as against the Defendants” Morrell, Cohen and Harris for legal.insufficiency, is granted for the reason hereinbefore .indicated. • Such purported cause of action, charging conspiracy, is based on the same misdeeds charged in the first cause of action asserted *163 against defendants Harris and Cohen and hence does not state a new canse of action (Labow v. Para-Ti Corp., 272 App. Div. 890, supra; Dumas v. Kalozois, 94 N. Y. S. 2d 749, supra).
The motion made by defendant Harris for dismissal of the “First Canse of Action” asserted against defendants Cohen and Harris, npon the ground of legal insufficiency, is denied for the same reasons hereinbefore given in disposing of the like motion made by defendant Cohen.
That part of defendant Harris’ motion which seeks, by way of alternative relief, a severance or separate trial as to the aforesaid cause of action, is denied. It does not satisfactorily appear that the interests of justice require the granting of such relief.
For reasons hereinbefore given, that portion of defendant Harris’ motion which seeks a dismissal of the “First Cause of Action ’ ’ against defendants Morrell, Cohen and Harris, for legal insufficiency, is granted.
Settle orders on notice in accordance with all of the foregoing.