James D. Hopkins, J.
The defendant Adelaide Pennetto moves for several forms of relief: (1) directing the defendant Frank M. Pennetto to be examined before trial; (2) directing that defendant produce for inspection and discovery a certain deed, and permitting the moving defendant, her attorneys, and handwriting expert to make photographs thereof; (3) striking out the first and second counterclaims and cross complaints in the reply of the defendant Frank M. Pennetto, on the grounds that they are insufficient in law, and may not be interposed in the action.
The pleadings are somewhat complicated. The plaintiff (who is not concerned with this motion) sues as a judgment creditor of the moving defendant in equity to set aside a conveyance of certain real property by the moving defendant to the defendant Frank M. Pennetto on the theory that the conveyance was made without consideration and in fraud of creditors. The answer of the moving defendant asserts a counterclaim against her codefendant, Frank M. Pennetto, in which it is alleged that the deed described in the complaint as conveying the real property was a forgery, not executed, acknowledged or delivered by her to the codefendant, and that the purported signature of the moving defendant on the deed was placed thereon ‘ ‘ by the defendant, Frank M. Pennetto, and/or persons acting in concert with him unknown to the defendant, Adelaide Pennetto.” Hence, the moving defendant seeks judgment setting aside the deed.
The reply of the codefendant contains two counterclaims and cross complaints against the defendant, both of which are *766 the subjects of that branch pf the instaat motion tp dismiss. The first alleges that the charge of forgery agginst the cqdefendant in the moving defendant’s counterclaim is false, and the codefendant has been damaged; the second alleges that the moving defendant maliciously complained to the District Attorney, accusing the eodefendant of the prime pf forgery in signing her name on the deed, that as a result the eodefendant was compelled to appear before the District Attorney to answer the charge, and that the codefendant was thereby damaged.
The instant motion is disposed of as follows:
1. The branch of tire motion seeking an examination before trial of the defendant Frank M. Pennetto is granted.
2. The branch of the motion seeking a discovery of the deed is granted. Although the moving defendant has a photostatic copy of the deed, she is entitled to an inspection of the original by a handwriting expert, in view of the manifest issue in the case relating to the genuineness of the deed. Under the circumstances, the rule that the motion must be supported by an affidavit pf the moving defendant (Breyer v. Bloch, 205 App. Div. 255) should not be applied; her attorney’s affidavit is sufficient, since the deed is in itself the subject of the action, rather than simply eyiden.ee tending tp substantiate the claim of the moving defendant. In any event, ft is noted that the answer seeking to set aside the deed was verified by the moving defendant.
3. The branch of the motion to dismiss the codefendant’s counterclaims and cross complaints is granted as to both, Giving the codefendant the benefit of every reasonable intendment in his pleading, as is demanded by a motion to dismiss, the first counterclaim and cross complaint is insufficient- The allegations of the answer are absolutely privileged, since they have bpen made in a judicial proceeding, and are as a matter of law, to be determined by the court frqm the context pf the complaint and the answer, pertinent to the issues (Feldman v. Bernham, 6 A D 2d 498, affd. 7 N Y 2d 772; Goldwater v. Merchants Importing Inc., 6 A D 2d 777; Marson v. Darrow, 8 A D 2d 307; Kunz v. Silver, 198 Misc. 1032). Thpugh the defense must usually be pleaded (Ostrowe v. Lee, 256 N. Y. 36; Bergmann v. Jacobs, 157 N. Y. S. 2d 50), where the pleading shows upon its face that the alleged libel was pertinent tq a judicial proceeding, a motion to dismiss prior to the plea of the defense is proper (Chapman v. Dick, 197 App. Div. 551; Feldman v. Bernham, supra ; Brown v. Mack, 185 Misc. 368, 381-382).
The second counterclaim and cross complaint stands on a different, footing, Here the moving defendant has no absolute *767 privilege in making the complaint to the District Attorney, but rather a qualified privilege (cf. Campbell v. Cunningham Natural Gas Corp., 164 Misc. 1, 6-7; Roberts v. Pratt, 174 Misc. 585, appeal dismissal 286 N. Y. 568, cert: denied 314 U. S. 613). The defense may be destroyed by proof of the malice of the persbn making the charge (Loewinthan v. Le Vine, 270 App; Div. 512; Teichner v. Bellan, 7 A D 2d 247, 252): Herice the second tiounterclaitñ ánd cross complaint may not be dismissed as insufficient on its face;
Nevertheless, it introduces a discordant and confusing1 element in the case. A counterclaim is always subject to the requirement that it can be conveniently and justly determined with the plaintiff’s cause of action (Civ. Prac. Act, § 262; Knapp Engraving Co. v. Keystone Photo Engraving Corp., 1 A D 2d 170; Stuyvesant Ins. Co. v. Matusow, 7 A D 2d 843); The plaintiff’s complaint and the moving defendant’s counterclaim are consistent in that they pray that the deed in suit be set aside; yet the codefendant’s action, suing the moving defendant alone, seeks to recover damages for an intentional tort based on allegations extrinsic to the main issue. The cbdefendant may, if so advised, sue the moving defendant by separate action, and th'e dismissal here directed in the exercise of discretion shall be made without prejudice to the institution of such an action (cf. Stuyvesant Ins. Co. vs Matusow, supra). Submit order on noticé in accordance with the foregoing.