LAND FINANCE CORPORATION, Plaintiff, *v.* AARON L. JACOBY, Individually and as Sheriff of Kings County, Defendant.

Supreme Court, Kings County, March 16, 1934.

*Leopold Blumberg*, for the plaintiff.

*Joseph A. Solovei* [*Reginald S. Hardy* of counsel], for the defendant.

STEINBRINK, J. This is an action against the sheriff of Kings county for damages claimed to have been sustained by reason of the escape of John J. MacDonald, a civil prisoner, who had been held in custody under a body execution.

The material facts are undisputed. The plaintiff, in an action against MacDonald, had secured an order directing the sheriff to arrest MacDonald and to hold him in bail in the sum of $2,000. MacDonald was thereafter arrested, but was released upon furnishing the required bail. The action was prosecuted to judgment in the plaintiff's favor in the sum of $5,178.16, and after an execution against his person had been issued MacDonald surrendered himself to the defendant sheriff in exoneration of bail. His surrender was accepted and he was committed to the civil prison. He then applied to this court to be released. The application was denied. Upon reargument the plaintiff's attorney requested an adjournment. The adjournment was granted by an order which included a provision directing the defendant to release MacDonald on parole in the custody of his attorney until the further order of the court. Pursuant to this order MacDonald was turned over to his attorney's custody.

The plaintiff's contention that the order, pursuant to which the prisoner was released on parole, afforded no protection to the sheriff, is, in my opinion, without merit. It has long been the rule in this State that the mandate of a court of general jurisdiction, even though it be invalid as between the parties, may, nevertheless, provide immunity to ministerial officers who act thereunder, unless the mandate itself discloses the court's lack of jurisdiction. (*Block* v. *Farley*, 143 Misc. 785; affd., 236 App. Div. 790; *Levy* v. *Melody*, 50 Misc. 509, and decisions therein collated.) Since the order under consideration appears to be valid on its face, the requisite jurisdiction of the Supreme Court is presumed. Moreover, the court in this case had general jurisdiction over the parties to and the subject-matter of the action. It could vacate or modify its own process at any time. With the power to vacate its order of arrest there must necessarily exist the power to do less; that is, to parole the prisoner in the custody of an attorney. If the facts did not justify such action, the court erred, not because it had exceeded its jurisdiction, but rather because it had improperly exercised an existent power. Errors of this character may be corrected on appeal, but they do not render the order void and meaningless.

There will be judgment for the defendant dismissing the complaint on the merits.