**RAVENSCROFT v. CASEY et al.**

No. 123.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1944.

Irving Payson Zinbarg, of New York City, for appellant.

William A. Davidson, Co. Atty., of Port Chester, N.Y. (Francis J. Morgan, Sr. Asst. Co. Atty., of Yonkers, N.Y., of counsel),

for appellees Casey, Toucher, Ferris, Bailey, Koch and Bassett.

John L. Delius, of Mamaroneck, N.Y., for appellees McCulloch and Lucino.

Robert L. Loeb, of New York City, for appellee Delius.

Anthony Sansone, of New York City, for appellees Patrick J. Hughes and James W. Hughes.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Without the assistance of an attorney the plaintiff filed her complaint, followed by an amended complaint, to recover damages for assault, false imprisonment and malicious prosecution. Upon motions made by ten of the defendants, the district court ruled in an opinion filed November 3, 1941, that the amended complaint fails to state against any of them a claim upon which relief can be granted. An order and judgment of dismissal without costs was entered on December 2, 1941. Thereafter on March 6, 1942 an order and judgment was entered dismissing without costs the amended complaint for failure to state a claim upon which relief can be granted against the eleventh defendant, Clayton Bassett, who was sued as John Doe and not served until November 19, 1941. On June 4, 1942 the plaintiff filed notice of appeal from the order and judgment of March 6th. The plaintiff has prosecuted her appeal in forma pauperis and has been represented by an attorney appointed at her request by this court.

Certain of the appellees have moved to dismiss the appeal in so far as it purports to bring up for review the order and judgment of December 2nd. A similar motion having been denied by this court on February 9, 1943, we shall pass, without a reconsideration of the motion, to the merits of the appeal.

The facts alleged in the amended complaint may be summarized as follows: The plaintiff is a citizen of Ohio temporarily residing in the city of Mt. Vernon, New York; the defendants are public officials of the village of Mamaroneck or the county of Westchester. On the afternoon of February 14, 1939 the plaintiff went to the Mamaroneck Town Office to examine certain public records. She was shown a canceled check purporting to bear her signature, which she discovered to be a forgery. She told the defendant Lucino, comptroller of the Town of Mamaroneck, that she had a right to "impound" the check and intended to do so. When she started for the stairway with said check, Lucino pushed her into a small room away from the stairs, and the defendant McCulloch, Town Supervisor, barred the doorway with outstretched arms. He sent for the defendant Delius, Town attorney, who came and sent for the defendant James W. Hughes, (sued as John Doe), a patrolman of the village of Mamaroneck. Said Hughes arrested the plaintiff without a warrant or other legal process, and the four above named officials compelled her to accompany them to the Village Police Station, where she handed over the check to the desk officer and was compelled "to submit to booking and eventually to being locked in a cell with no chance to obtain counsel or inform her family of her predicament." On the same afternoon Lucino "swore falsely" in an information before the defendant, Police Justice Patrick J. Hughes, charging her with the crime of injury to a public record. The following morning, February 15th, at the Village Police Court she appeared before Police Justice Hughes who insisted upon her pleading without opportunity to secure counsel. He bound her over to the grand jury without bail and remanded her to the Westchester county sheriff. She was then taken to the Westchester county jail where she was kept in restraint by the "jail authorities", namely, the defendants Casey, the sheriff, Toucher, the warden, and Koch and Bassett who were apparently deputies. After the police court hearing, Patrick J. Hughes "without reasonable excuse and solely as an individual" wrote a letter to the defendant Ferris, district attorney, "insinuating against plaintiff's mental status". Thereupon Ferris "deliberately enlarged said insinuation and swore plaintiff was in a grave mental condition." The defendant Bailey, who was acting county judge of the county of Westchester, without notice to her ordered her to be removed from the county jail to the Psychopathic ward of Grasslands Hospital. This was done on February 17th and she was confined in the hospital for thirty days. On March 18th she was declared of sound mind and was taken back to the jail from which she was released on March 28th, after the grand jury had refused to indict her on Lucino's criminal charge.

778

From the foregoing recital it is apparent that the restraints and charges to which the plaintiff was subjected all find their origin in her unfortunate belief that she was entitled to carry away the check which bore the forged endorsement of her name. In this she was of course mistaken. Consequently in starting to leave with the check in her hand she was removing or attempting to remove a public record, which is a criminal offense. N.Y. Penal Law, Consol.Laws, c. 40, §§ 2050, 260, 261. In restraining her from leaving with the check in her hand, neither Lucino nor McCulloch was guilty of an assault; and none of the four defendants who participated in causing her arrest and transportation to the police station committed a tort. The holding of the plaintiff for the grand jury by Police Justice Hughes after a hearing constituted probable cause, which would preclude an action against the persons who caused her arrest and prosecution for commission of a felony. Graham v. Buffalo General Laundries Corp., 261 N.Y. 165, 185 N.E. 746; Morgan v. New York Cent. R. Co., 256 App.Div. 177, 9 N.Y.S.2d 339; Levy v. Chasnoff, 245 App. Div. 607, 283 N.Y.S. 891. Nor is the complaint bettered by allegations that Lucino "swore falsely" in charging the plaintiff with a crime, since the complaint itself pleads facts which show the presence of probable cause, regardless of the ultimate disposition of the charge. See Rubin v. Houbigant, Inc., 268 N.Y. 552, 198 N.E. 400; and authorities already cited.

No cause of action is stated against the defendants Casey, Toucher, Koch and Bassett. They are protected by the fact that they were carrying out orders of County Judge Bailey. Whether his orders were correct or erroneous he had jurisdiction to make them and they provide immunity to the jail authorities who did nothing other than perform them. Marks v. Townsend, 97 N.Y. 590, 601; Land Finance Corp. v. Jacoby, 151 Misc. 159, 160, 272 N.Y.S. 318.

Police Justice Hughes and County Judge Bailey are protected from civil liability since each acted as a judicial officer in a matter within his jurisdiction as such. Yaselli v. Goff, 2 Cir., 12 F.2d 396, 56 A.L.R. 1239, affirmed 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395; Ingo v. Koch, 2 Cir., 127 F.2d 667, 678; Lange v. Benedict, 73 N.Y. 12, 29 Am.Rep. 80. The same principle gives immunity to defendant Ferris, the district attorney. It was his duty before presenting to the grand jury the criminal charge against the plaintiff to satisfy doubts which had been raised as to her mental condition and to present the matter to a judge of a court of record. N.Y. Penal Law, § 1120; N.Y. Code Cr. Pr. § 870 as in effect in February 1939. Under § 870 Judge Bailey had jurisdiction to make the order for transfer of the plaintiff to Grasslands Hospital for observation.

Consequently the complaint alleged no claim upon which relief could be granted against any of the defendants, and it was rightly dismissed. Judgment affirmed without costs.