**John G. ROBINSON, Jr.**

v.

**Robert HARRIS, District Attorney,**

and

**Frank A. Neal, Deputy County Detective.**

**Civ. A. 18724.**

United States District Court
E. D. Pennsylvania.
Oct. 13, 1955.

---

22.   See Kornhauser v. United States, 1928, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505.

Russell Shamansky and John J. O'Brien for plaintiff.

Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Robinson seeks damages for false imprisonment from Harris, a Pennsylvania district attorney and Neal, an assistant county detective on the latter's staff. Jurisdiction is based on diversity of citizenship. Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. After argument the action against Harris was dismissed by agreement.

From the amended complaint and the affidavits with exhibits filed in support of the motion as permitted by Rules 12(b) and 56, Fed.Rules Civ.Proc. 28 U.S.C.A. the following undisputed facts appear:

Robinson's wife separated from him in Maryland and removed to Pennsylvania. Thereafter on complaint of the wife, a warrant was issued by an alderman in Pennsylvania for Robinson's arrest on a charge of non-support of his wife and minor child. He voluntarily surrendered to the authorities of the District of Columbia and entered bail to await requisition proceedings. Neither defendant was involved up to this point.

The Governor of Pennsylvania, upon petition of defendant district attorney, then issued a formal requisition to the Chief Judge of the United States District Court of the District of Columbia for the apprehension and delivery of Robinson to Neal, who was designated therein as the agent of Pennsylvania authorized to receive and convey Robinson to Pennsylvania. At the same time Pennsylvania's Governor issued to Neal an executive warrant authorizing him "to take and receive" Robinson from the District of Columbia authorities, and "to convey" him to Pennsylvania.

On June 24, 1954, the requisition having been forwarded, a hearing thereon was had before Judge Kirkland of the United States District Court for the District of Columbia, to whom the Chief Judge had assigned it. After hearing, Judge Kirkland entered a written order directing the marshal, in whose custody Robinson was, to surrender him to Neal, the agent of Pennsylvania, for conveyance to that state.

Upon notice of Robinson's intention to petition for a writ of habeas corpus, Judge Kirkland, directed the marshal to retain him in custody until disposition of the proposed habeas corpus proceeding. Both Robinson and Neal were present at this hearing.

The habeas corpus petition was then filed by Robinson in the same District Court and, after examining the petition and hearing counsel, Judge McGuire dismissed the petition without issuing the writ.

Robinson's counsel stated his intention to appeal and requested issuance of a certificate of probable cause and the further retention of Robinson's custody by the marshal pending the appeal. Judge McGuire denied both requests. Neal was not present at this hearing. Immediately thereafter, about 2:05 p. m., he was informed by Assistant United States Attorney Stevas that the marshal would now deliver Robinson into his custody. The same attorney also informed the marshal of Judge McGuire's orders. The marshal thereupon, at 2:13 p. m., delivered Robinson to Neal who immediately left with him for Pennsylvania in Neal's automobile.

Robinson's attorney went to the court clerk's office and filed notice of appeal from the refusal of the writ of habeas corpus. Whether this appeal was filed before or after the marshal delivered Robinson to Neal's custody is uncertain, but it is clear that Neal had no knowledge of the appeal when Robinson's custody was transferred to him. The appeal was later dismissed as moot.

Upon Neal's arrival in Pennsylvania he delivered Robinson to the County prison where the latter remained until he entered bail on June 28. A hearing on the non-support charge was later held before Judge Curran in the Pennsylvania

court, who, on March 4, 1955 sustained Robinson's motion to dismiss for want of jurisdiction.

Robinson's prime complaint is that Neal removed him from the District of Columbia to Pennsylvania at a time when the order dismissing. his habeas corpus petition was not final because an appeal from that order had been filed. The affidavits strongly contradict this assertion in Robinson's complaint, but for the purposes of this motion it is accepted as true.

In the District of Columbia the Chief Judge of the District Court is charged with the performance of the executive duties involved in a requisition proceeding and may assign the matter to another judge of that court, D.C.Code Ann. §§ 23–401, 402. Judge Kirkland's order to the marshal to deliver Robinson into Neal's custody was executive, rather than judicial. It was comparable to the exercise of similar executive authority by a State governor in requisition proceedings. By statute Judge Kirkland was obliged to allow Robinson a reasonable time to apply for a writ of habeas corpus if he desired to test the legality of his arrest. D.C.Code Ann. § 23–401(c).

At the time Robinson was refused the writ he was in the custody of the marshal. Supreme Court Rule 45, 28 U.S.C.A. (then in effect) provided:

> "1. Pending review of a decision refusing a writ of habeas corpus, the custody of the prisoner shall. not be disturbed."

Robinson's attorney, while failing to call this rule to Judge McGuire's attention, did request an order directing the marshal to retain custody of Robinson pending an appeal. Judge McGuire denied this request but made no order disturbing Robinson's custody. When the appeal was filed, therefore, the marshal lacked authority to release Robinson to Neal.

The statute relating to habeas corpus provides:

> "A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained * * * by or under the authority of any State for any matter involved in the habeas corpus. proceeding.
>
> "* * *. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending." 62 Stat. 966, 28 U.S.C.A. § 2251.

No stay of proceeding was ever requested by Robinson or granted by any justice or judge. The Pennsylvania requisition proceeding, in which Neal was the State's agent, was not stayed, except to the collateral extent that, as a consequence of the appeal, the marshal was not authorized to deliver Robinson; but, no order prevented Neal from receiving Robinson and conveying him to Pennsylvania .in conformity with the requisition proceeding which had not been stayed and which was, by the provisions of the statute, as valid as if no habeas corpus proceedings or appeal were pending.

Where, as here, Neal received custody of Robinson from the marshal in good faith, without knowledge or notice of the appeal, without knowledge of the marshal's mistake and without connivance with the marshal, Neal is protected by his executive warrant and the executive order of Judge Kirkland which he was obliged to obey in the absence of any order or stay which restrained him from or relieved him of the necessity of so doing. Under the facts of this case the receipt and conveyance of Robinson to Pennsylvania by Neal impose upon Neal no liability for false imprisonment. Ravenscroft v. Casey, 2 Cir., 139 F.2d 776.