Salem v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

AITABEDELLAH SALEM,

> *Plaintiff-Appellant*,

> v.                                                    19-3091

CITY OF NEW YORK and JOSEPH PONTE,
Commissioner of the New York City
Department of Correction, in his individual
capacity,

> *Defendants-Appellees*,

LEGAL AID SOCIETY, of the City of New York,
ERIC WILLIAMS, Attorney, Legal Aid Society in his
official and individual capacity, NEW YORK CITY
DEPARTMENT OF CORRECTION, (The Department
or DOC), JOHN DOE NO. 1, Warden, New York City
Department of Correction, JOHN DOE NO. 2, Assistant
Warden, New York City Department of Correction, JOHN
DOE NO. 3, Tour Commander, New York City Department

1

of Correction, AMKC, Rikers Island, JOHN DOE NO. 4,
Captain, New York City Department of Correction,
AMKC, Rikers Island, in his Individual Capacity,
LAWYER STEPHEN POKART, Attorney for the Legal
Aid Society in his official and individual capacity, JEROME
GRECO, Attorney Legal Aid Society, in his official and
individual capacity,

*Defendants.*

| | |
|---|---|
| For Plaintiff-Appellant: | Welton K. Wisham, Esq., The Law Offices of Welton K. Wisham, New York, NY. |
| For Defendants-Appellees: | Anna W. Gottlieb, Richard Dearing, Deborah A. Brenner, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Aitabedellah Salem ("Salem" or "plaintiff") appeals a September 5, 2019 order dismissing his second amended complaint ("SAC"), under Federal Rule of Civil Procedure 12(b)(6), against the City of New York ("the City") and the Commissioner of the New York City Department of Correction ("DOC"), Joseph Ponte (collectively, "defendants"). In his SAC, Salem articulates four claims: (1) an unreasonable seizure under the Fourth Amendment, for failure to produce him in civilian clothing for his court appearance on January 21, 2015, and for detaining him from November 2014 to April 2015 on one dollar bail; (2) a procedural due process claim based on his allegedly unjustified detention; (3) a violation of substantive due process by the City for holding pretrial detainees on one dollar bail and the DOC correction officers ("correction officers") not informing these inmates of their bail status; and (4) a *Monell* claim against the City for failure to

2

train and supervise correction officers which caused Salem's alleged injuries. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court conducts *de novo* review of a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## 1. Factual Background

On November 21, 2014, Salem was arrested after an incident in which he stole merchandise from a Manhattan store. Salem was arraigned in criminal court the next day on charges of assault in the second degree and petit larceny under docket 2014NY088542 ("the 8542 docket"). At the same time, Salem had two other cases pending before the criminal court, dockets 2014NY088543 ("the 8543 docket") and 2014NY017648 ("the 7648 docket"). An attorney from Legal Aid represented Salem at this proceeding. The criminal court set bail at $25,000 on both the 8542 docket and 8543 docket, and sentenced Salem to time served on the third case, docket 7648.

At the next court appearance on November 26, 2014, regarding his two remaining dockets, a different Legal Aid attorney represented Salem. The criminal court reduced Salem's bail on the 8542 docket to one dollar after the court officer noted that Salem "ha[d] a hold," but left unchanged the $25,000 bail on docket 8543. Joint App. at 26-27. According to Salem, his attorney did not inform him of the reduction in bail on the 8542 docket. Two days later, on November 28, 2014, Salem's 8543 docket was called. Salem's appearance was waived without objection by the Legal

3

Aid attorney who appeared on his behalf. The Assistant District Attorney consented to Salem's release on the 8543 docket because a grand jury had not been convened in time. The criminal court ordered that Salem be released from custody on his own recognizance, but only in connection with the 8543 docket, which left the one dollar bail in place on Salem's other case. The court adjourned the 8543 docket to the same date in February as the 8542 docket.

Before Salem's next appearance in his two outstanding cases, Salem's attorney requested that dollar bail be set on his other case, the 8543 docket. On January 21, 2015, the criminal court granted Salem's attorney's request and ordered one-dollar bail on the 8543 docket. Salem's attorney was present for the hearing and Salem's appearance was waived without objection. Although the criminal court had previously ordered that Salem be released on his own recognizance in the 8543 case, bail was set at one dollar for that case after Salem's attorney said it was a mistake to have ordered his release because Salem had an immigration hold. According to Salem, nobody notified him that he was being held on one-dollar bail in both cases.

In February 2015, Salem had another bail hearing where his appearance was again waived, and his pending cases were adjourned until May. Salem remained detained on one-dollar bail for his two pending cases. During the ensuing months, Salem alleges that he asked correction officers and wardens "what's happening with [his] case" and that these correction officers "ignored" him and "refused" to "acknowledge his concerns." Joint App. at 183. On April 15, 2015, a person unknown to Salem paid the one-dollar bail on his two outstanding cases. Plaintiff was released from incarceration that day. Later in August 2016, Salem was convicted of assault in the second degree and petit larceny in the 8542 case following a trial. Plaintiff was sentenced to a five-year term of imprisonment. Salem was credited with the time he spent in pretrial detention from November 22, 2014, through April 15, 2015, when his bail was paid.

4

### 2. Fourth Amendment Claim

The district court properly dismissed Salem's Fourth Amendment claim of an unreasonable seizure. Salem's Fourth Amendment claim is twofold. First, Salem alleges that he was subject to an unreasonable seizure because of DOC's purported failure to produce him in civilian clothing for his January 2015 hearing. Nowhere in Salem's complaint does he allege that his lack of civilian clothing was the reason he was not brought before the criminal court and made aware of his one-dollar bail status. Though the criminal court previously ordered that Salem be released on his own recognizance on the 8543 case, his bail was set to one dollar at his attorney's request because his attorney believed that Salem had an immigration hold. Still, Salem's 8542 case provided an independent justification for his continued detention. Because Salem failed to allege any constitutional wrong that resulted in an injury from the failure of DOC to provide him civilian clothing for his January 2015 hearing or from lawfully detaining him based on his outstanding bail, his 42 U.S.C. § 1983 claim fails. *See Warner v. Orange Cty. Dep't of Probation*, 115 F.3d 1068, 1071 (2d Cir. 1996) (internal quotation marks and alteration omitted) ("The Supreme Court has made it crystal clear that principles of causation borrowed from tort law are relevant to civil rights actions brought under section 1983.").

Next, Salem alleges that he was unreasonably seized from the date of his arrest to the date his bail was paid. But this argument too is unavailing. Salem's pretrial detention was the result of unpaid bail lawfully ordered by the criminal court on one or more of his outstanding criminal cases. Furthermore, while pre-trial detention is a seizure, it is reasonable, as is the case here, if it is supported by probable cause. *See Bailey v. United States*, 568 U.S. 186, 192 (2013). Salem cannot sustain his claim of unreasonable seizure for his detention after his arraignment where he did not allege a lack of probable cause for his arrest or pretrial detention. Notably, Salem was later

5

convicted of assault and petit larceny in the 8542 case. Because Salem had outstanding court-ordered bail throughout his lawful pretrial detention, he was properly held in custody in accordance with New York law. *See* N.Y. Crim. Proc. Law § 510.40(2) ("If the bail fixed is not posted, or is not approved after being posted, the court must order that the principal be committed to the custody of the sheriff."); *see also Ravenscroft v. Casey*, 139 F.2d 776, 778 (2d Cir. 1944) ("Whether [a judge's] orders were correct or erroneous he had jurisdiction to make them and they provide immunity to the jail authorities who did nothing other than perform them."). Thus, Salem cannot plausibly allege that he was unconstitutionally seized in violation of the Fourth Amendment when he was detained in accordance with his bail conditions.

### 3. Procedural Due Process Claim

Salem's allegations also do not plausibly allege a deprivation of procedural due process, because Salem was represented by counsel at all four of his bail hearings, and it was his counsel's responsibility to inform him of the status of his case. Salem's claim that correction officers should have notified him of a change in his bail status is not a procedural due process violation. Procedural due process requires a hearing before the state deliberately deprives an individual of liberty or property. *McClary v. O'Hare*, 786 F.2d 83, 86 n.3 (2d Cir. 1986). Salem was afforded adequate process throughout his case. He does not allege that he was deprived of a hearing. Salem himself acknowledges that he had four separate hearings before a criminal court judge where his counsel litigated his bail status in his various cases. Salem's bail was set in his cases and properly modified over time. At all times, Salem was under court-ordered detention requiring him to post bail which he failed to do until April 2015 when he was released. Salem maintains that he was also entitled to have correction officers inform him about what happened at those bail hearings, but Salem failed to plausibly allege that his liberty interest should be protected by placing a burden

6

on correction officers to inform him about the status of his case. The Constitution provides no such protection for Salem; instead, his counsel is responsible for keeping him apprised of the status of his criminal cases. Thus, Salem's procedural due process claim is also unavailing.

### 4. Substantive Due Process Claim

Salem's substantive due process claim rests on the arguments that it is unlawful for defendants to hold pretrial detainees in custody on one-dollar bail and that it was unlawful for defendants not to inform Salem that his bail status had changed. Both these arguments fail.

Substantive due process "prevents the government from engaging in conduct that shocks the conscience, or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotation marks and citations omitted). The Supreme Court limits substantive due process claims to "deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (emphasis omitted).

At most, Salem alleges that correction officers failed to inform him of his bail status when they allegedly "ignored" his questions about "what [was] happening" with his case. Joint App. at 183. Correction officers are tasked with ensuring the safety of correctional facilities and do not have a duty to inform inmates of legal updates in their cases. It is not conscience-shocking for an officer to decline to respond to such an inquiry from an inmate or to enforce the criminal court's orders of detention. Therefore, despite Salem's arguments to the contrary, such behavior by correction officers is not arbitrary, punitive, or conscience-shocking. *See Bell v. Wolfish*, 441 U.S. 520 (1979). Accordingly, the district court properly dismissed the substantive due process claim.

### 5. *Monell* Claim

Finally, because Salem has not plausibly pled any underlying constitutional violation that

7

survives a motion to dismiss, his *Monell* claim for failure to train correction officers to process court orders and to inform pretrial detainees of their bail status also necessarily fails. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Thus, the district court properly dismissed Salem's *Monell* claim.

***

We have reviewed the remainder of Salem's arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court