Abdul HAMID, Abdul Salam Hamid and Abdul Momam Hamid, Plaintiffs,

v.

Basharat Ahmad JAMIL and Nawab Baig, Defendants.

No. 83 CV 3781.

United States District Court, E.D. New York.

Feb. 29, 1984.

Eugene F. Prosnitz, New York City, for plaintiffs.

Kupillas, Unger & Kupillas, Great Neck, N.Y. (Robert M. Unger, Great Neck, N.Y., of counsel), for defendant Basharat Ahmad Jamil.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a diversity-based action for malicious prosecution which defendant Basharat Ahmad Jamil ("Jamil") moves to dismiss for failure to state a claim. *See* Fed. R.Civ.P. 12(b)(6).

### *Facts*

On August 29, 1976 a fire occurred in Jamil's apartment in Queens, New York. Jamil accused plaintiffs of starting the fire. As a result of these charges, an extensive investigation was conducted by the New York City Police and Fire Departments, the Queens County District Attorney's Office, and the Queens County Grand Jury. On August 27, 1981, plaintiffs were indicted by the Grand Jury for arson in the second degree and burglary in the second degree. After further investigation, however, the District Attorney's Office recommended that the indictment against them be dismissed. On October 21, 1982, the New York State Supreme Court, Queens County, dismissed the indictment. This action

for malicious prosecution followed in the wake of that dismissal.

## Discussion

Jamil, in support of his motion to dismiss, argues that "the allegations contained in plaintiffs' complaint are not specific enough to overcome the prima facia [sic] evidence of probable cause which exists by virtue of the Grand Jury indictment of the plaintiffs." Affirmation of Robert M. Unger, at ¶ 3 (December 13, 1983).

The argument is placed in perspective by reviewing the elements of a claim for malicious prosecution as delineated in *Broughton v. State of New York*, 37 N.Y.2d 451, 457, 373 N.Y.S.2d 87, 94, 335 N.E.2d 310, 314 (1975):

> The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice....

Discussing the tort's "probable cause" element, Professor Prosser states:

> Where the accused is ... indicted by the grand jury, it is evidence that there was probable cause for the prosecution. It is very often said that this establishes a 'prima facie' case; but since the plaintiff has the burden of proving lack of probable cause in any case, and is free to do so, this apparently means nothing more than that the [indictment] is important evidence on the issue.

W. Prosser, Law Of Torts § 119 at p. 846 (4th ed. 1971).

In *Berger v. American Nat. Fire Ins. Co.*, 279 App.Div. 335, 336, 109 N.Y.S.2d 696, 698 (4th Dept.1952), the court stated:

> In a malicious prosecution action, where the complaint itself establishes prima facie probable cause, specific facts must be alleged to overcome the effect of the indictment. General allegations are not enough. The complaint must allege the wrongful acts with which the defendant is charged. The complaints under con-

sideration are faulty in that they fail to show what false information defendants presented before the Grand Jury, or wherein the evidence was falsified, or what facts within the possession of the defendants were maliciously withheld from the Grand Jury.

■ Thus, under the common law of New York, an indictment in the underlying criminal action creates a rebuttable presumption of probable cause, that, in turn, imposes upon the plaintiff (former defendant) the special pleading requirements discussed in *Berger, supra.*

### 1. Presumption In Diversity Cases

Federal Rule of Evidence 302 states that:

> In civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which State law supplies the rule of decision is determined in accordance with State law.

■ It is clear, therefore, that New York's presumption of probable cause will be recognized in diversity-based federal actions for malicious prosecution where an indictment was returned in the underlying criminal case. *Cf. Russo v. State of New York*, 672 F.2d 1014, 1018 (2d Cir.1982) ("[W]here a warrant has been issued following an indictment by a grand jury, a presumption arises [under New York law] that the defendant acted with probable cause.").

### 2. Pleadings in Diversity Cases

■ It does not follow, however, that because a federal court will apply the New York presumption (at a trial), it must also follow the New York pleading requirements with respect to probable cause. Indeed, the opposite conclusion flows from a careful analysis of the substantive-procedural dichotomy created by *Erie Railroad Co. v. Tompkins* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and refined in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) and its progeny.

In *Hanna,* the Supreme Court reasoned that "[t]o hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the *mode* of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." 380 U.S. at 473–74, 85 S.Ct. at 1145 (emphasis added). Subsequent decisions have implemented *Hanna* by holding that the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure govern in diversity actions.

In *Eyerly Aircraft Co. v. Killian,* 414 F.2d 591 (5th Cir.1969), the court stated:

A federal court enforcing an obligation or right created by state law "is bound to enforce the obligation [or right] as it finds it, but is not 'bound by the dubious and perhaps conflicting intimations on *elegantia juris* to be found in local decisions' and is not 'imprisoned by procedural niceties relating to amendment of pleadings.'"

*Id.,* at 603, *quoting Kenney v. Trinidad Corporation,* 349 F.2d 832, 837 (5th Cir.), *cert. denied,* 382 U.S. 1030, 86 S.Ct. 652, 15 L.Ed.2d 542 (1965), *quoting in part Levinson v. Deupree,* 345 U.S. 648, 651, 73 S.Ct. 914, 916, 97 L.Ed. 1319 (1953).

■ Applying these precepts, I hold that the Federal Rules of Civil Procedure govern the pleadings in the instant case, and, having carefully examined the complaint, I find that it satisfies the general notice requirements of Fed.R.Civ.P. 8(a).

Accordingly, defendant Jamil's motion to dismiss for failure to state a claim is denied.

SO ORDERED.